VANCE v HENRY FORD HEALTH SYSTEM

Docket No. 262465. Submitted January 11, 2006, at Detroit. Decided October 17, 2006, at 9:00 a.m. Leave to appeal sought.

Dwunneka Vance, as personal representative of the estate of Terron Vance, deceased, brought an action in the Wayne Circuit Court against Henry Ford Health System and Merlin Hamre, M.D., for medical malpractice and wrongful death after seven-year-old Terron Vance died, allegedly from a morphine overdose, while being treated for pain caused by sickle cell anemia. The defendants moved for summary disposition on the ground that the statute of limitations barred the plaintiff's suit. The trial court, Warfield Moore, Jr., J., denied the motion, ruling that the plaintiff's suit was timely commenced under MCL 600.5851(7), which applies to medical malpractice claims that accrue to minors under the age of eight. Henry Ford Health System appealed by leave granted, and Hamre cross-appealed.

The Court of Appeals *held*:

1. The general tolling provision for minors and insane persons in the Revised Judicature Act, MCL 600.5851(1), does not apply to medical malpractice actions, which are governed instead by either the subsection of that provision that specifically addresses medical malpractice claims, MCL 600.5851(7), or by the wrongful death saving provision, MCL 600.5852.

2. A deceased minor does not continue to age for purposes of MCL 600.5851(7); therefore, because the decedent could not have reached his tenth birthday, MCL 600.5851(7) does not apply to his personal representative's claim.

Reversed.

1. LIMITATION OF ACTIONS — DISABILITY GRACE PERIOD.

The general tolling provision for minors and insane persons in the Revised Judicature Act does not apply to medical malpractice actions, which are governed instead by either the subsection of that provision that specifically addresses medical malpractice claims or by the wrongful death saving provision (MCL 600.5851[1]; MCL 600.5851[7]; MCL 600.5852).

2. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE.

A deceased minor does not continue to age for purposes of the provision in the Revised Judicature Act that applies to medical

malpractice actions accruing to persons younger than eight years old (MCL 600.5851[7]).

*Benedict L. Go, P.C.* (by *Benedict L. Go, M.D.*), for Dwunneka Vance.

*Feikens, Stevens, Kennedy & Galbraith, P.C.* (by *Lee A. Stevens* and *Jeffrey Feikens*), for Henry Ford Health System.

*Kitch Drutchas Wagner Valitutti & Sherbrook* (by *Christina A. Ginter* and *William D. Chaklos*) for Merlin Hamre, M.D.

Before: SAWYER, P.J., and WILDER and H. HOOD*, JJ.

PER CURIAM. Defendant Henry Ford Health System (Henry Ford) appeals by leave granted and defendant Merlin Hamre, M.D., cross-appeals an order denying defendants' motions for summary disposition. We reverse.

I

This action arises out of the death of seven-year-old Terron Vance, who, after being admitted to defendant hospital for treatment of pain caused by sickle cell anemia on July 31, 2002, allegedly died from an overdose of morphine on August 1, 2002. On August 20, 2002, plaintiff was appointed personal representative of Terron Vance's estate. In November and December of 2003 plaintiff filed notices of intent to sue against Henry Ford and nine individual physicians or nurses, including Dr. Hamre.[1] Plaintiff filed the instant medical malpractice/wrongful death action on September 13,

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] The filing of notices in November and December does not affect the resolution of the issues raised on appeal because notice-of-intent tolling is not at issue in this case. MCL 600.2912b(1).

2004, two days before September 15, 2004, which would have been Terron Vance's tenth birthday.

Defendants moved for summary disposition under MCR 2.116(C)(7), arguing that the statute of limitations barred plaintiff's suit. Defendants argued that, because this case involved a wrongful death claim, plaintiff was only entitled to a two-year grace period extension under MCL 600.5852,[2] requiring her to commence the action by August 20, 2004, two years from the date she received letters of authority appointing her as personal representative. The trial court disagreed and accepted plaintiff's argument that, because she filed suit on September 13, 2004, her suit was timely commenced under MCL 600.5851(7), which provides that, "if, at the time a claim alleging medical malpractice accrues to a person under section 5838a the person has not reached his or her eighth birthday, a person shall not bring an action based on the claim unless the action is commenced on or before the person's tenth birthday or within the period of limitations set forth in section 5838a, whichever is later." In so concluding, the trial court specifically rejected defendants' argument that MCL 600.5851(7) was made inapplicable by MCL 600.5851(1), which provides:

> Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852.

---

[2] MCL 600.5852 states, in relevant part, that a personal representative may commence a suit "any time within 2 years after letters of authority are issued although the period of limitations has run."

In rejecting defendants' argument that the infancy disability was removed by Terron Vance's death and that MCL 600.5851(1) controlled, the trial court determined that MCL 600.5851(7) was not a saving provision, but rather extended the period of limitations for certain minors. The trial court noted that the two-year saving provision under MCL 600.5852 would ordinarily bar plaintiff's claim; however, because MCL 600.5851 "speaks specifically of the minor," the trial court determined that plaintiff's cause of action was not time-barred because she filed within two days of when the limitations period would have run. This appeal and cross-appeal ensued.

II

Questions regarding whether a statute of limitation bars a claim and questions of statutory interpretation are reviewed de novo. *Farley v Advanced Cardiovascular Health Specialists, PC*, 266 Mich App 566, 570-571; 703 NW2d 115 (2005). Summary disposition may be granted under MCR 2.116(C)(7) when an action is barred by a statute of limitations. A defendant who files a motion for summary disposition under MCR 2.116(C)(7) may file supportive material such as affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3); *Patterson v Kleiman*, 447 Mich 429, 432; 526 NW2d 879 (1994). If no such documentation is submitted, the court must review the plaintiff's complaint, accepting its well-pleaded allegations as true and construing them in a light most favorable to the plaintiff. *Ostroth v Warren Regency, GP, LLC*, 263 Mich App 1, 6; 687 NW2d 309 (2004). If the pleadings or other documentary evidence reveal that there is no genuine issue of material fact, the court must decide as a matter of law whether the claim is

barred. *Holmes v Michigan Capital Med Ctr*, 242 Mich App 703, 706; 620 NW2d 319 (2000).

III

Defendants argue that the two-year wrongful death saving provision under MCL 600.5852 provides the appropriate measure to determine the latest filing date of this case. Defendants contend that the trial court erred in accepting plaintiff's argument that the infancy disability saving provision trumps the wrongful death saving provision where this case does not involve a living minor, but instead involves a wrongful death. We agree.

Whether the personal representative of a minor's estate may rely on the minor disability time provisions in MCL 600.5851(7) rather than the time provisions under the wrongful death saving statute, MCL 600.5852, is an issue of first impression in Michigan. "In general, the statute of limitations relating to a wrongful death action is the statute of limitations for the underlying theory of liability." *Fournier v Mercy Community Health Care Sys-Port Huron*, 254 Mich App 461, 466; 657 NW2d 550 (2002) (citation omitted). Here, because plaintiff's complaint alleges wrongful death based on medical malpractice, and the period of limitation for a medical malpractice action is two years, MCL 600.5805(6), plaintiff was required, absent an exception, to bring the "claim within two years of when the claim accrued, or within six months of when [s]he discovered or should have discovered [her] claim."[3] *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 219; 561 NW2d 843 (1997), citing MCL 600.5838. However, Michi-

---

[3] A medical malpractice claim "accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1).

gan law provides that a personal representative of a deceased person may commence an action within two years after letters of authority are issued. MCL 600.5852. Accordingly, although plaintiff's claim arises from acts that occurred between July 31, 2002, and August 1, 2002, she had, pursuant to MCL 600.5852, until August 20, 2004, to file suit, because that is two years from the date plaintiff was appointed personal representative of Terron Vance's estate. There is no real dispute that because plaintiff did not file suit until September 13, 2004, her suit was untimely under MCL 600.5852.

Plaintiff nonetheless argues that her action is not time-barred because the saving clause set forth in MCL 600.5851(7) allowed her to commence her action by the date that would have been Terron Vance's tenth birthday, September 15, 2004. While the trial court agreed with this assertion, we disagree.

MCL 600.5851(7) states, in pertinent part:

> [I]f, at the time a claim alleging medical malpractice accrues to a person under section 5838a the person has not reached his or her eighth birthday, a person shall not bring an action based on the claim unless the action is commenced on or before the person's tenth birthday or within the period of limitations set forth in section 5838a,[4] whichever is later.

---

[4] MCL 600.5838a(2) provides:

Except as otherwise provided in this subsection, an action involving a claim based on medical malpractice may be commenced at any time within the applicable period prescribed in section 5805 or sections 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. However, except as otherwise provided in section 5851(7) or (8), the claim shall not be commenced later than 6 years after the date of the act or omission that is the basis for the claim. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition, or otherwise, neither discovered nor should have discovered the existence of the claim at

MCL 600.5851(1), which defendants argue extinguished Terron Vance's disability, provides:

> *Except as otherwise provided in subsections (7) and (8)*, if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852. [Emphasis added.]

Generally, § 5851(1), which allows plaintiffs under certain disabilities to bring an action one year after a disability is removed, does not toll the running of the general period of limitations applicable to the action; rather, it exempts certain claims from the bar of the general statute of limitations and allows the filing of a claim within one year after the disability is removed. *Honig v Liddy*, 199 Mich App 1, 4; 500 NW2d 745 (1993). However, we cannot agree with defendants' reliance on MCL 600.5851(1) given this Court's recent decision in *Vega v Lakeland Hospitals at Niles & St Joseph, Inc*, 267 Mich App 565; 705 NW2d 389 (2005). In *Vega*, this Court, after reading MCL 600.5851(1) and MCL 600.5851(7) together, held that MCL 600.5851(1) unambiguously excludes medical malpractice actions from its scope by including language specifically referencing malpractice actions and the phrase "[e]xept as otherwise provided in subsections (7) and (8)." *Id.* at 570-572. Therefore, according to *Vega*, the plain language of MCL 600.5851(1) specifically excludes medical malpractice actions, and, thus, as a matter of law, this

least 6 months before the expiration of the period otherwise applicable to the claim is on the plaintiff. A medical malpractice action that is not commenced within the time prescribed by this subsection is barred.

action is governed either by MCL 600.5851(7) or MCL 600.5852, and not by MCL 600.5851(1).

We look first to the language of MCL 600.5851(7) to determine whether it governs causes of action by a personal representative on behalf of a minor who dies before reaching the age of majority. When faced with questions of statutory interpretation, the courts must discern and give effect to the Legislature's intent as expressed by the words in the statute. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). Where the language is unambiguous, it must be presumed that the Legislature intended the meaning clearly expressed, and no further judicial interpretation is permitted; the statute must be enforced as written. *Id.*

MCL 600.5851(7) states, in relevant part:

> [I]f, at the time a claim alleging medical malpractice accrues to a person under section 5838a the *person has not reached his or her eighth birthday*, a person shall not bring an action based on the claim *unless the action is commenced on or before the person's tenth birthday* or within the period of limitations set forth in section 5838a, whichever is later.

Thus, the material question presented in this case is whether a deceased minor continues to age after death. Here, the act does not define "birthday" or explain under what circumstances "an action is commenced on or before the person's tenth birthday." While we may consult dictionary definitions of terms that are not defined in a statute, *People v Perkins*, 473 Mich 626, 639; 703 NW2d 448 (2005), we do not find the dictionary definitions of "birthday" instructive: "1. the anniversary of a birth. 2. the day of a person's birth. 3. a day commemorating the founding or beginning of something." *Random House Webster's College Dictionary* (2001). Despite plaintiff's argument, we are not per-

suaded that "birthday," as used in the statute, expresses a clear legislative intent to provide a cutoff for the assertion of legal rights based on the "anniversary" of a deceased minor's birth. Rather, § 5851(7) clearly references the happening of specific birthdays in the phrases "the person has not reached his or her *eighth birthday*" and *"tenth birthday."* More importantly, *Random House Webster's College Dictionary* (2001) defines the term "reach" in relevant part as "to get to or as far as; arrive at," "to carry to; penetrate to," or the *"range of effective action, power, or capacity."* (Emphasis added.)

Because we " ' "must give effect to every word, phrase, and clause in [the] statute and avoid an interpretation that would render any part of the statute surplusage or nugatory," ' " *Vega, supra* at 569 (citations omitted), we conclude that a person who died before his eighth birthday lacks the power, capacity, or ability to act, and, therefore, cannot effectively have a "tenth birthday." In short, a deceased minor no longer continues to age for purposes of MCL 600.5851(7). See also *Shinholster v Annapolis Hosp*, 471 Mich 540, 571 n 21; 685 NW2d 275 (2004) ("At death, a deceased no longer continues to age . . . .").[5]

For the reasons stated, we conclude that MCL 600.5851(7) is inapplicable to the facts of this case. Because plaintiff failed to file her complaint on or before August 20, 2004, her claim was untimely under

---

[5] The Supreme Court in *Shinholster* determined whether the decedent, in a wrongful death action, was exempted from the general rule that future damages must be reduced to gross present cash value if the decedent satisfied the statutory provision that no reduction may be made if the plaintiff is 60 years of age or older at the time of judgment. The Court reasoned that no reduction was required because the decedent retained her age at the time of death, which was 61. *Shinholster, supra* at 568-571.

the wrongful death saving provision, MCL 600.5852. The trial court improperly denied defendants' motions for summary disposition.

Reversed.