**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED JULY 18, 2007

JODIE VEGA, Conservator of the Estate of
JEFFREY HURLEY, a Minor,

     Plaintiff-Appellant,

v

No. 129436

LAKELAND HOSPITALS AT NILES AND
ST. JOSEPH, INC., ST. JOSEPH MEDICAL
ASSOCIATES, P.C., and BETH VANDERAH
and MICHAEL SPEERS, Personal
Corepresentatives of the Estate of DAVID ALAN
SPEERS, M.D., Deceased,

     Defendants-Appellees.

_____

BEFORE THE ENTIRE BENCH

MARKMAN, J.

We granted leave to appeal to determine whether the insanity saving provision of MCL 600.5851(1) applies to medical malpractice claims. The trial court granted defendants' motion for summary disposition, concluding that the insanity saving provision of § 5851(1) does not apply to medical malpractice claims and, thus, that plaintiff's claim was time-barred. The Court of Appeals affirmed. Because we conclude that the insanity saving provision of § 5851(1)

does apply to medical malpractice claims, we reverse the judgment of the Court of Appeals and remand this case to the trial court for reinstatement of plaintiff's claim.

## I. FACTS AND PROCEDURAL HISTORY

The alleged medical malpractice occurred on December 13, 1999, when the claimant was 11 years old. Plaintiff, the claimant's mother, alleges that, as a result of the defendant physician's misdiagnosis, the claimant sustained severe, permanent mental impairment. Plaintiff sent a notice of intent to bring an action to defendants on November 8, 2001. As a result, the period of limitations was tolled for 182 days from November 8, 2001, to May 9, 2002, and the period of limitations expired on June 12, 2002. Plaintiff filed a complaint on December 11, 2002. The trial court granted defendants' motion for summary disposition, concluding that the insanity saving provision of § 5851(1) does not apply to medical malpractice claims and, thus, that plaintiff's claim was time-barred. In a two-to-one decision, the Court of Appeals affirmed. 267 Mich App 565; 705 NW2d 389 (2005). After initially denying plaintiff's application for leave to appeal, 475 Mich 854 (2006), this Court granted plaintiff's motion for reconsideration, vacated its previous order denying leave to appeal, and granted plaintiff's application for leave to appeal. 477 Mich 957 (2006).

## II. STANDARD OF REVIEW

A trial court's ruling on a summary disposition motion is a question of law that this Court reviews de novo. *Haynes v Neshewat*, 477 Mich 29, 34; 729 NW2d

2

488 (2007). Questions of statutory interpretation are also questions of law that that this Court reviews de novo. *Id.*

## III. ANALYSIS

Generally, a medical malpractice action must be commenced within two years after the action accrued. MCL 600.5805(6). Plaintiff concedes that she did not file a complaint within the two-year period of limitations. However, plaintiff argues that the claimant is insane and, thus, that the insanity saving provision of § 5851(1) applies.[1]

MCL 600.5851(1) provides, in pertinent part:

> Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run.[2]

MCL 600.5851(7) provides, in pertinent part:

> Except as otherwise provided in subsection (8), if, at the time a claim alleging medical malpractice accrues to a person under section 5838a the person has not reached his or her eighth birthday, a person shall not bring an action based on the claim unless the action is commenced on or before the person's tenth birthday or within the period of limitations set forth in section 5838a, whichever is later.

[1] MCL 600.5851(2) defines "insane" as "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane." Whether the claimant is "insane" is not at issue in this appeal.

[2] It is undisputed that § 5851(8), which applies to claimants who have suffered injuries to their reproductive systems, does not apply in this case.

If, at the time a claim alleging medical malpractice accrues to a person under section 5838a, the person has reached his or her eighth birthday, he or she is subject to the period of limitations set forth in section 5838a.

MCL 600.5838a(2) provides, in pertinent part:

Except as otherwise provided in this subsection, an action involving a claim based on medical malpractice may be commenced at any time within the applicable period prescribed in section 5805 or sections 5851 to 5856 . . . .

The lower courts held that the insanity saving provision of § 5851(1) does not apply to medical malpractice claims. The Court of Appeals dissent, on the other hand, concluded that "although MCL 600.5851(7) may limit a claim for malpractice that accrued before the age of eight, its plain language does not limit those plaintiffs whose claims accrued after the age of [eight]-- as in the present case." 267 Mich App at 577 (Jansen, J., dissenting).

The saving provision of § 5851(1) applies to claimants who are under 18 years of age or insane "[e]xcept as otherwise provided in subsection[] (7)," and it allows a claimant to file an action within one year after the disability is removed.[3] The first sentence of § 5851(7) states that if the medical malpractice claimant was

_____

[3] MCL 600.5838a(2) provides, in pertinent part, "except as otherwise provided in section 5851(7) or (8), the claim shall not be commenced later than 6 years after the date of the act or omission that is the basis for the claim." Therefore, even under the insanity saving provision of § 5851(1), a medical malpractice claimant only has six years to file a complaint. The only medical malpractice claimants who would have longer than six years to file a complaint would be those claimants whose claims accrued at a very young age. See § 5851(7) and (8) (the longest time claimants would have under these provisions is 10 and 15 years, respectively, and they would only have that long if their claims accrued at birth).

4

less than eight years old when the claim accrued, the claimant must file a complaint before his tenth birthday or before the period of limitations expires, whichever is later. The medical malpractice claimant in the instant case was 11 years old when the claim accrued, and, thus, the first sentence of § 5851(7) is not applicable. The second sentence of § 5851(7) states that if a medical malpractice claimant was eight years of age or older when the claim accrued, as in this case, the period of limitations set forth in § 5838a applies. MCL 600.5851(7) does not state anything about when an insane medical malpractice claimant must commence an action. Therefore, § 5851(7) does not preclude application of the insanity saving provision of § 5851(1).[4]

Section 5851(7) states that if the claimant was eight years old or older when the claim accrued, "the period of limitations set forth in § 5838a" applies; contrary to defendants' suggestion, it does not state the corollary, i.e., that the saving

---

[4] Defendants argue that if the insanity saving provision of § 5851(1) applies to medical malpractice claimants, the entire second sentence of § 5851(7) will be rendered meaningless. We respectfully disagree. The first sentence of § 5851(7) states that if the medical malpractice claimant was less than eight years old when the claim accrued, the claimant must file suit before his tenth birthday. Therefore, it is logical to include a second sentence that explains when a medical malpractice claimant must file a suit if that claimant's claim accrued when the claimant was eight years old or older. The fact that the second sentence does not change the outcome of the instant case does not make it meaningless. In addition, the second sentence could be read to mean that the minority saving provision of § 5851(1) does not apply to medical malpractice claimants whose claims accrued when they were eight years old or older. We do not address this issue because plaintiff does not argue for application of the minority saving provision of § 5851(1); plaintiff only argues for application of the insanity saving provision of § 5851(1).

5

provision of § 5851(1) does not apply. See *Waltz v Wyse*, 469 Mich 642, 650; 677 NW2d 813 (2004) (a saving provision is not a period of limitations). As the Court of Appeals dissent explained:

> Clearly, the first part of MCL 600.5851(7) sets out a specific time that a person under the age of eight must file his or her claim, i.e., before the tenth birthday if the claim accrued before the age of eight. MCL 600.5851(7). But the second sentence, which is applicable here because plaintiff was over the age of eight at the time of claim accrual, contains no language limiting the application of the saving provision for insanity. MCL 600.5851(7). The second sentence of MCL 600.5851(7) only states what the limitations period will be for those plaintiffs whose claim accrues past the age of eight. In other words, although the standard two-year limitations period applies for those plaintiffs past age eight, it does not simultaneously limit the saving provision of subsection 1, which provides that the period of limitations for an insane plaintiff does not begin to run until, "1 year after the disability is removed . . . *although the period of limitations has run*." MCL 600.5851(1) (emphasis added).[5]

> * * *

> Therefore, I would find that, although MCL 600.5851(7) may limit a claim for malpractice that accrued before the age of eight, its plain language does not limit those plaintiffs whose claims accrued after the age of [eight]--as in the present case.[6] The only direction the statute gives is to the "period of limitations set forth in section 5838a . . . ." MCL 600.5851(7). This plain language does not

---

[5] This last sentence is not altogether correct, in our judgment, because the period of limitations begins to run when the claim accrues, but § 5851(1) allows minors and insane persons to bring their claims within one year after the disability is removed "although the period of limitations has run."

[6] To the extent that the Court of Appeals dissent can be read to mean that if a medical malpractice claimant was under the age of eight when the claim accrued, he cannot rely on the insanity saving provision of § 5851(1), we respectfully disagree because, as discussed throughout this opinion, we believe that the insanity saving provision of § 5851(1) applies to all insane claimants.

> simultaneously limit the application of MCL 600.5851(1). [267
> Mich App at 576-578 (Jansen, J., dissenting).]

The insanity saving provision of § 5851(1) applies "[e]xcept as otherwise provided in subsection[] (7) . . . ." MCL 600.5851(7) states that if a medical malpractice claimant is less than eight years old when the claim accrued, the claimant must file suit before he is ten years old or before the period of limitations expires, whichever is later; but, if the medical malpractice claimant is eight years old or older when the claim accrued, the claimant must file suit before the period of limitations expires. MCL 600.5851(7) states nothing about an insane medical malpractice claimant. That is, nothing in § 5851(7) prohibits an insane medical malpractice claimant from taking advantage of the insanity saving provision of § 5851(1).[7]

Defendants argue that the first phrase of § 5851(1) conditions the application of all remaining clauses in that subsection on the inapplicability of § 5851(7). That is, they argue that if § 5851(7) is applicable, i.e., if the plaintiff is

---

[7] This position is consistent with this Court's order in *Dantzler v Hughett,* 456 Mich 922 (1998). In *Dantzler,* the Court of Appeals had held that the medical malpractice claimant was not insane for purposes of § 5851(1). This Court reversed the Court of Appeals and remanded the case to the trial court because there was a genuine issue of material fact regarding whether the medical malpractice claimant was insane for purposes of § 5851(1). There would have been no need to remand the case to the trial court for a determination whether the medical malpractice claimant was insane if the insanity saving provision of § 5851(1) does not apply to medical malpractice claimants.

7

bringing a medical malpractice claim, § 5851(1) is not applicable. We respectfully disagree.

MCL 600.5851(1) begins, "Except as otherwise provided in subsection[] (7) . . . ." Contrary to defendants' contention, this language does not mean that if § 5851(7) is applicable, § 5851(1) is not applicable. Instead, it simply means that if § 5851(1) is inconsistent with § 5851(7), § 5851(7) is controlling. For example, if the claimant was four years old when his medical malpractice claim accrued, under § 5851(1), the claimant would have until he was 19 years old to file a complaint. However, under § 5851(7), the claimant would only have until he was ten years old to file a complaint. Because § 5851(1) states "[e]xcept as otherwise provided in subsection[] (7)," § 5851(7) would be controlling under those circumstances. On the other hand, if the claimant was four years old when the medical malpractice claim accrued and was insane, the insanity saving provision of § 5851(1) would apply because nothing in § 5851(7) prohibits application of the insanity saving provision of § 5851(1). That is, § 5851(7) does not "otherwise provide[]" anything with regard to the insanity saving provision of § 5851(1). Therefore, § 5851(7) does not prohibit application of the insanity saving provision of § 5851(1) to medical malpractice claims.

## IV. CONCLUSION

Because we conclude that the insanity saving provision of § 5851(1) does apply to medical malpractice claims, we reverse the judgment of the Court of

8

Appeals and remand this case to the trial court for reinstatement of plaintiff's claim.

Stephen J. Markman
Clifford W. Taylor
Maura D. Corrigan
Robert P. Young, Jr.

S T A T E  O F  M I C H I G A N

SUPREME COURT

JODIE VEGA, Conservator of the Estate of
JEFFREY HURLEY, a Minor,

     Plaintiff-Appellant,

v                                                                              No. 129436

LAKELAND HOSPITALS AT NILES AND
ST. JOSEPH, INC., ST. JOSEPH MEDICAL
ASSOCIATES, P.C., and BETH VANDERAH
and MICHAEL SPEERS, Personal
Corepresentatives of the Estate of DAVID ALAN
SPEERS, M.D., Deceased,

     Defendants-Appellees.
_____

CAVANAGH, J. (*concurring*).

Under the plain language of the statutes involved, Jeffrey Hurley or a person suing on his behalf has until one year after Jeffrey's disability is removed through death or otherwise to bring his claim. Accordingly, I concur with the majority opinion's conclusion that the trial court erred by dismissing plaintiff's claim as untimely, and the Court of Appeals erred by affirming that result.

                           Michael F. Cavanagh
                           Elizabeth A. Weaver
                           Marilyn Kelly