VANSLEMBROUCK v HALPERIN

Docket No. 273551. Submitted November 6, 2007, at Detroit. Decided
    January 15, 2008, at 9:15 a.m. Leave to appeal sought.

Markell Vanslembrouck, a minor, by and through her mother and
    next friend Kimberly A. Vanslembrouck, and Kimberly A.
    Vanslembrouck, individually, brought an action in the Oakland
    Circuit Court against Andrew Jay Halperin, M.D., and others,
    seeking damages for injuries sustained by Markell during her birth
    as a result of alleged medical malpractice. The court, Rudy J.
    Nichols, J., granted summary disposition in favor of the defen-
    dants, ruling that the affidavits of merit attached to the complaint
    failed to comply with the statutory requirements contained in
    MCL 600.2102 for affidavits executed out of state and that the
    complaint was not timely filed. The plaintiffs appealed.

    The Court of Appeals held:

    1. The affidavits of merit met the requirements of the Uniform
Recognition of Acknowledgements Act (URAA), MCL 565.261 et
seq. The methods of validating out-of-state affidavits contained in
MCL 600.2102 and the URAA are alternative and coequal, and a
party may use either method to validate an affidavit. The affidavits
do not serve as a basis for the granting of summary disposition.

    2. There are three alternative periods of limitations for a
medical malpractice claim that accrues before a child reaches his
or her eighth birthday. The action must be filed before the child's
tenth birthday, or two years after the claim accrued, or six months
after the child discovered or should have discovered the claim. The
10-year provision provided in MCL 600.5851(7) is a period of
limitations and not a saving provision. Because the 10-year provi-
sion is a statute of limitations, it is subject to the notice tolling
provision in MCL 600.5856(c). The notice of intent to sue given by
the plaintiffs did toll the 10-year provision of MCL 600.5851(7).
Although the defendants did not provide a written response to the
notice of intent, and, therefore, the plaintiffs were permitted to
commence their action 154 days after providing the notice, the
plaintiffs were entitled to the full 182 days' tolling provided in
MCL 600.2912b(1). The claim was not barred by the statute of
limitations.

Reversed and remanded.

MURRAY, J., concurring, wrote separately to explain how the text of MCL 600.5851(7) provides an alternative limitations period (the tenth-birthday rule) that, depending on the facts of a particular case, may provide a plaintiff with more time than the general two-year period of limitation provided in MCL 600.5805(6). The tenth-birthday rule is a period of limitations, not a saving provision.

1. NEGLIGENCE — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT — NOTARIZATION.

The method for authenticating out-of-state affidavits provided in MCL 600.2102 and in the Uniform Recognition of Acknowledgements Act are alternative, coequal methods for validating out-of-state affidavits (MCL 565.261 *et seq.*).

2. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE.

The provision in MCL 600.5851(7) that states that if, at the time a claim alleging medical malpractice accrues to a person who has not reached his or her eighth birthday, the person shall not bring the action unless the action is commenced on or before the person's tenth birthday, or within the period of limitations set forth in MCL 600.5838a, whichever is later, is a period of limitations, not a saving provision, and is subject to the notice tolling provision in MCL 600.5856(c).

3. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — TOLLING OF LIMITATIONS PERIOD.

The limitations period for a medical malpractice action is tolled for 182 days once the plaintiff gives statutory notice of intent to file an action even if the plaintiff may have commenced the action 154 days after providing notice in a case where the defendant failed to provide a written response to the notice (MCL 600.2912b).

*Fieger, Fieger, Kenney, Johnson & Giroux, P.C.* (by *William J. McHenry* and *Heather Jefferson*), and *Beam & Raymond Associates* (by *Jack Beam* and *Douglas J. Raymond*) for the plaintiffs.

*Plunkett Cooney* (by *Robert G. Kamenec* and *Kristen M. Netschke*) for the defendants.

Before: SERVITTO, P.J., and SAWYER and MURRAY, JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's order granting summary disposition in defendants' favor. Because, contrary to the determinations of the trial court, the affidavits of merit attached to plaintiffs' compliant comply with statutory requirements and plaintiffs' complaint was filed within the statutory limitations period, we reverse.

This medical malpractice action arose as a result of injuries sustained by plaintiff Markell Vanslembrouck during her birth and as a result of the birth process. According to the complaint, Markell was diagnosed with hypoxic-ischemic encephalopathy and cerebral palsy shortly after her birth. Plaintiffs contend that these medical conditions occurred as a result of defendants' negligence. Defendants denied the allegations and thereafter moved for summary disposition, arguing that the affidavits of merit attached to plaintiffs' complaint were legally insufficient and that plaintiffs' complaint was untimely. The trial court agreed and granted summary disposition in defendants' favor.

This Court reviews a trial court's grant or denial of summary disposition under MCR 2.116(C)(7) de novo. *Tarlea v Crabtree*, 263 Mich App 80, 87; 687 NW2d 333 (2004). Summary disposition is appropriate under MCR 2.116(C)(7) if "[t]he claim is barred because of ... statute of limitations ...." In reviewing a motion under MCR 2.116(C)(7), this Court "consider[s] all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001). "Whether a claim is barred by a statute of limitations is a question of law that this Court reviews de novo." *Scherer v Hellstrom*, 270 Mich App 458, 461; 716 NW2d 307 (2006). This Court also reviews

de novo questions of statutory interpretation and questions of law relating to the sufficiency of an affidavit of merit. See *McElhaney v Harper-Hutzel Hosp,* 269 Mich App 488, 490 n 1; 711 NW2d 795 (2006).

On appeal, plaintiffs first contend that the out-of-state affidavits of merit submitted with their complaint complied with statutory requirements and thus could not serve as a basis for dismissing the complaint. We agree.

To commence a medical malpractice action, a plaintiff must file a complaint and an affidavit of merit. *Young v Sellers,* 254 Mich App 447, 451; 657 NW2d 555 (2002). When a medical malpractice complaint is filed without an affidavit of merit, the complaint is ineffective and fails to toll the limitations period. *Scarsella v Pollak,* 461 Mich 547, 553; 607 NW2d 711 (2000).

MCL 600.2912d(1) provides:

> [T]he plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under [MCL 600.2169]. The affidavit of merit shall certify that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice and shall contain a statement of each of the following . . . .

An affidavit of merit must be "confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *Holmes v Michigan Capital Med Ctr*, 242 Mich App 703, 711; 620 NW2d 319 (2000).

Pursuant to MCL 600.2102, the signature of an out-of-state notary public must be authenticated. The statute provides:

In cases where by law the affidavit of any person residing in another state of the United States, or in any foreign country, is required, or may be received in judicial proceedings in this state, to entitle the same to be read, it must be authenticated as follows:

\* \* \*

(4) If such affidavit be taken in any other of the United States or in any territory thereof, it may be taken before a commissioner duly appointed and commissioned by the governor of this state to take affidavits therein, or before any notary public or justice of the peace authorized by the laws of such state to administer oaths therein. The signature of such notary public or justice of the peace, and the fact that at the time of the taking of such affidavit the person before whom the same was taken was such notary public or justice of the peace, shall be certified by the clerk of any court of record in the county where such affidavit shall be taken, under the seal of said court.

In the instant matter, plaintiffs attached affidavits of merit executed by Jeffrey Soffer, M.D., Patricia Romo, R.N., and Ronald Gabriel,[1] M.D., to the complaint. Soffer, a board-certified obstetrician/gynecologist, executed his affidavit in the state of New Jersey. It bore the signature and seal of Francine Arthur, a New Jersey notary public. Arthur's signature was certified by Bradley Abela, the treasurer of New Jersey. Romo, a registered nurse, executed her affidavit in the state of Arizona. It bore the sign and seal of Dawn L. Carney, an Arizona notary public. Carney's signature was certified by Janice K. Brewer, Arizona's secretary of state.

Defendants successfully argued before the trial court that the affidavits of merit executed by Soffer and Romo failed to comply with MCL 600.2102 because the affidavits, while notarized, were not accompanied by a

---

[1] Gabriel's affidavit of merit is not at issue in the instant appeal.

certificate signed by the clerk of any court of record in the county were the affidavit was executed. Therefore, defendants claimed, because plaintiffs failed to attach a legally sufficient affidavit of merit to the complaint, the complaint was null and void. Our Supreme Court's recent decision in *Apsey v Mem Hosp*, 477 Mich 120; 730 NW2d 695 (2007) (*Apsey II*), however, dictates otherwise.

In *Apsey*, the plaintiffs filed a medical malpractice action and attached to their complaint an affidavit of merit prepared in Pennsylvania, and containing the signature of a notary public from that state. A normal notarial seal appeared on the affidavit, but no other certification accompanied the seal. The trial court granted the defendants' motion for summary disposition, ruling that the plaintiffs' failure to provide further certification as required by MCL 600.2102(4) rendered the out-of-state notarization insufficient. It concluded that the affidavit was a nullity, that without the affidavit the plaintiffs' complaint was not complete, and that their cause of action failed for never having been properly commenced.

On appeal, a panel of this Court was required to decide whether, as argued by the plaintiffs, MCL 565.262, "the general statute concerning notarial acts," governed affidavits of merit in medical malpractice cases or whether MCL 600.2102, with its "more demanding requirements" governed. *Apsey v Mem Hosp (On Reconsideration)*, 266 Mich App 666, 669, 670; 702 NW2d 870 (2005) (*Apsey I*). This Court held that the more specific requirements of MCL 600.2102 controlled over the general requirements of MCL 565.262 of the Uniform Recognition of Acknowledgements Act (URAA), MCL 565.261 *et seq.*, and that the affidavits attached to the plaintiffs' complaint were therefore defective. The *Apsey I* panel gave the decision prospective effect.

The plaintiffs appealed in our Supreme Court, which was called upon to review the interplay between the URAA and MCL 600.2102(4). Specifically at issue was whether MCL 565.262 conflicted with MCL 600.2102(4), because they require different certifications for out-of-state affidavits. The Court noted that MCL 565.262(a) defines "notarial acts" under the URAA as " 'acts that the laws of this state authorize notaries public of this state to perform, including the administering of oaths and affirmations, taking proof of execution and acknowledgments of instruments, and attesting documents. Notarial acts may be performed outside this state for use in this state with the same effect as if performed by a notary public of this state by the following persons authorized pursuant to the laws and regulations of other governments in addition to any other person authorized by the laws of this state . . . .' " *Apsey II, supra,* 477 Mich at 128 (emphasis omitted). The Court also noted:

> In MCL 565.268, the Legislature indicated how the URAA was meant to interact with MCL 600.2102. MCL 565.268 provides:
>
> "A notarial act performed prior to the effective date of this act is not affected by this act. This act provides an additional method of proving notarial acts. Nothing in this act diminishes or invalidates the recognition accorded to notarial acts by other laws of this state." [*Id.* at 129 (emphasis omitted).]

According to our Supreme Court, "[b]ecause the two methods are alternative and coequal, the URAA does not diminish or invalidate 'the recognition accorded to notarial acts by other laws of this state.' MCL 565.268. Simply, MCL 600.2102(4) is not invalidated by the URAA. It remains an additional method of attestation of out-of-state affidavits. Because the two methods exist

as alternatives, a party may use either to validate an affidavit." *Id.* at 130.

Here, the affidavit of merit executed by Soffer bears the signature and notary seal of a New Jersey notary public. The affidavit of merit executed by Romo bears the signature and notary seal of an Arizona notary public. An out-of-state notarial act performed by a notary public who is authorized to perform notarial acts has the same effect as if a Michigan notary public had performed the act. MCL 565.262(a)(*i*). "The signature and title of the person performing the act are prima facie evidence that he is a person with the designated title and that the signature is genuine." MCL 565.263(4). Thus, the affidavits of merit submitted by plaintiffs met the requirements of the URAA and, because a party in a medical malpractice action may validate an out-of-state notarial act using the URAA, *Apsey II, supra,* 477 Mich at 130, the trial court erroneously concluded that the affidavits of merit executed by Soffer and Romo were defective. Because we agree that plaintiffs' affidavits were in compliance and could not serve as a basis for summary disposition, we need not consider their remaining arguments with respect to the affidavits of merit.

The above conclusions do not, however, resolve this entire appeal. This is necessarily so, because defendants have presented an alternative argument that, even if the affidavits of merit are deemed sufficient, plaintiffs' complaint was barred by the statute of limitations because the complaint was not timely filed. While defendants did not file a cross-appeal, this issue is properly before the Court because an appellee is not required to file a cross-appeal to urge an alternative ground for affirming the trial court's order. *Middlebrooks v Wayne Co,* 446 Mich 151, 166 n 41; 521 NW2d

774 (1994); *In re Herbach Estate*, 230 Mich App 276, 284; 583 NW2d 541 (1998). Accordingly, defendants, who raised this issue below and are seeking only to have the trial court's decision affirmed (rather than to obtain a decision more favorable than was rendered by the lower court), were not required to file a cross-appeal in order to have this issue properly before the Court.

Pursuant to MCL 600.5851(7), if a medical malpractice claim accrues[2] to a person under the age of eight years, the person has until his or her tenth birthday to bring the claim. Defendants contend that plaintiffs did not file the medical malpractice claim before Markell reached her tenth birthday and that the claim is thus barred. Defendants further assert that the November 10, 2005, notice of intent to sue did not toll the 10-year provision set forth in MCL 600.5851(7). (See MCL 5856[c], which tolls the period of limitations in a medical malpractice action under certain circumstances.) Defendants' argument is based on the premise that the 10-year provision of MCL 600.5851(7) is a saving provision, rather than a statute of limitations, and that the notice tolling provision in MCL 600.5856(c) does not toll a saving provision. See *Waltz v Wyse*, 469 Mich 642, 650-652; 677 NW2d 813 (2004) (the notice tolling provision does not toll the wrongful death saving provision, MCL 600.5852). Whether defendant is correct appears to be an issue of first impression.

The goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). The first criterion in ascertaining the intent of the Legislature is the language of the statute. *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001).

---

[2] A claim for medical malpractice accrues "at the time of the act or omission that is the basis for the claim . . . ." MCL 600.5838a(1).

If the language of the statute is clear and unambiguous, the Court must assume that the Legislature intended its plain meaning and enforce the statute as written. *Id.* Every word of the statute must be given meaning, and the Court should avoid a construction that would render any part of the statute surplusage or nugatory. *Id.*

MCL 600.5805(6) provides: "Except as otherwise provided in this chapter, the period of limitations is 2 years for an action charging malpractice." MCL 600.5838a(2) provides, in pertinent part:

> [A]n action involving a claim based on medical malpractice may be commenced at any time within the applicable period prescribed in [MCL 600.5805] or [MCL 600.5851 through MCL 600.5856], or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. However, except as otherwise provided in [MCL 600.5851(7) or (8)], the claim shall not be commenced later than 6 years after the date of the act or omission that is the basis for the claim.

MCL 600.5851(7) provides:

> Except as otherwise provided in subsection (8),[3] if, at the time a claim alleging medical malpractice accrues to a person under [MCL 600.5838a] the person has not reached his or her eighth birthday, a person shall not bring an action based on the claim unless the action is commenced on or before the person's tenth birthday or within the period of limitations set forth in [MCL 600.5838a], whichever is later. If, at the time a claim alleging medical malpractice accrues to a person under section 5838a, the person has reached his or her eighth birthday, he or she is subject to the period of limitations set forth in section 5838a.

---

[3] Subsection 8 does not apply to the present case. It relates to injuries to reproductive systems. There is no claim that the alleged malpractice resulted in an injury to Markell's reproductive system.

According to defendants, the 10-year provision under MCL 600.5851(7) is not a statute of limitations but is a saving provision when the cause of action accrues and the minor is less than eight years old. To support this assertion, defendants cite *Cameron v Auto Club Ins Ass'n*, 476 Mich 55; 718 NW2d 784 (2006). However, nowhere in the *Cameron* opinion did the Supreme Court address the 10-year provision of MCL 600.5851(7), much less hold that the 10-year provision was a saving provision rather than a limitations period.

We find better guidance on this issue from our Supreme Court's decision in *Miller v Mercy Mem Hosp*, 466 Mich 196; 644 NW2d 730 (2002). In *Miller*, the Supreme Court concluded that the six-month discovery provision in MCL 600.5838a(2)[4] was incorporated in the wrongful death statute as a period of limitations. It explained:

> The plain language of § 5838a(2) provides two distinct periods of limitation: two years after the accrual of the cause of action, and six months after the existence of the claim was or should have been discovered by the medical malpractice claimant. MCL 600.5852[] simply refers to "the" period of limitation. The provision does not limit or qualify which period of limitation applies, the two-year period of limitation rooted in § 5805(5), or the six-month discovery period found in § 5838a(2). As a saving statute, § 5852 applies to whatever period of limitation is or may be applicable in a given case, be it a professional malpractice claim or a breach of contract action. Indeed, . . . "[t]he period of limitation in a wrongful death action is governed by the statute of limitations applicable to the underlying claim." As the trial court acknowledged in this case, the underlying claim here was a medical malpractice action brought under the six-month discovery period. Thus, it is

---

[4] "[A]n action involving a claim based on medical malpractice may be commenced at any time . . . within 6 months after the plaintiff discovers or should have discovered the existence of the claim . . . ."

the latter period of limitation that the wrongful death saving statute incorporates here. Contrary to defendants' assertions, the six-month discovery rule is a distinct period of limitation. It is a statutory provision that requires a person who has a cause of action to bring suit within a specified time. As an alternative to the other periods of limitation, it is itself a period of limitation. [*Miller, supra,* 466 Mich at 202 (citation omitted).]

Following the *Miller* Court's logic, we believe that the 10-year provision of MCL 600.5851(7) is a period of limitations rather than a saving provision. It is a "statutory provision that requires a person who has a cause of action to bring suit within a specified time." *Miller, supra,* 466 Mich at 202. MCL 600.5851(7) provides that, if a medical malpractice claim accrues before the claimant has reached his or her eighth birthday, the claimant must bring the claim before the claimant reaches his or her tenth birthday or within the period of limitations set forth in MCL 600.5838a(2), whichever is later. The period of limitations set forth in MCL 600.5838a is either two years after the claim accrues or six months after the claim was or should have been discovered. *Miller, supra,* 466 Mich at 202. Therefore, pursuant to the plain language of MCL 600.5851(7), there are three alternative periods of limitations for a medical malpractice claim in which the claim accrues before a child reaches his or her eighth birthday: (1) before the child's tenth birthday; (2) two years after the claim accrued; or (3) six months after the child discovered or should have discovered the claim. Thus, the 10-year provision of MCL 600.5851(7) is a distinct period of limitations. As an alternative to the limitations periods set forth in MCL 600.5838a(2), the 10-year provision should be viewed as a period of limitations rather than a saving provision. *Miller, supra,* 466 Mich at 202. See also *Vega v Lakeland Hospitals at Niles & St*

*Joseph, Inc*, 479 Mich 243, 249; 736 NW2d 561 (2007) (" 'Clearly, the first part of MCL 600.5851(7) sets out a specific time that a person under the age of eight must file his or her claim, i.e., before the tenth birthday if the claim accrued before the age of eight.' "[Citation omitted.]). Because the 10-year provision is a statute of limitations, it is subject to the notice tolling provision. *Waltz, supra,* 469 Mich at 649. Therefore, defendants' claim that plaintiff's November 10, 2005, notice of intent did not toll the 10-year provision of MCL 600.5851(7) is incorrect.

Defendants' contention that because they did not respond to plaintiffs' November 10, 2005, notice of intent, plaintiffs were only entitled to a tolling period of 154 days, rather than a tolling period of 182 days, is also incorrect. A plaintiff may not commence a medical malpractice action without providing the notice required by MCL 600.2912b. *Omelenchuk v City of Warren,* 461 Mich 567, 572; 609 NW2d 177 (2000), overruled in part on other grounds *Waltz, supra,* 469 Mich at 655. MCL 600.2912b(1) provides as follows:

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

Within 154 days after receipt of the notice, the health professional or health facility against whom the claim is made must furnish to the claimant a written response. MCL 600.2912b(7). If the health professional or health facility fails to provide a written response within the 154-day period, the claimant may commence the medical malpractice action at the end of the 154-day period. MCL 600.2912b(8).

Pursuant to MCL 600.5856, the applicable period of limitations is tolled during the required notice period. The statute states:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> * * *
>
> (c) At the time notice is given in compliance with the applicable notice period under [MCL 600.2912b], if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

In *Omelenchuk, supra*, the Supreme Court held that, once the required notice is given, the limitations period is tolled for 182 days even if the alleged negligent health professional or health facility fails to provide a written response and the claimant, pursuant to MCL 600.2912b(8), is permitted to commence the medical malpractice action 154 days after he or she provided notice. See, also, *Waltz, supra*, 469 Mich at 653 ("We held [in *Omelenchuk*] that the plaintiffs were entitled to a tolling period of a full 182 days, rather than only 154 days, even though under MCL 600.2912b(8) they *could* have filed suit after 154 days."[Emphasis in original.]).

Here, the notice of intent was filed on November 10, 2005. One hundred eighty-two days from November 10, 2005, is May 12, 2006. Because the period of limitations would have expired on December 1, 2005 (Markell's tenth birthday), the 10-year provision was tolled, beginning on November 10, 2005, for 182 days. Plaintiffs are also entitled to the number of days that remained in the 10-year period when they served the November 10, 2005, notice of intent—21 days. Thus, when the 182-

day tolling period ended, plaintiffs were entitled to another 21 days before the claim for medical malpractice would be time-barred. Twenty-one days from May 11, 2006, was June 2, 2006. Plaintiffs filed their complaint on May 15, 2006. Accordingly, plaintiffs' claim was not barred by the statute of limitations.

According to defendants, the Legislature's act of amending and recodifying the former MCL 600.5856(d) at MCL 600.5856(c) was "to counter the *Omelenchuk* [C]ourt's monolithic application of 182 days of notice of intent tolling." However, like former MCL 600.5856(d), MCL 600.5856(c) links the tolling period to the applicable notice period. *Omelenchuk, supra,* 461 Mich at 575. MCL 600.5856(c) states: "[T]he statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period . . . ." Thus, like former MCL 600.5856(d), MCL 600.5856(c) does not link the tolling period to the period in which the claimant may not file suit. *Id.* Therefore, even though defendants did not respond to plaintiffs' November 10, 2005, notice of intent, plaintiffs were entitled to a tolling period of 182 days.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

MURRAY, J. (*concurring*). The majority opinion correctly concludes that plaintiffs' affidavits of merit were valid under Michigan statutory law. *Apsey v Mem Hosp,* 477 Mich 120; 730 NW2d 695 (2007). It is also correct in holding that MCL 600.5851(7) is a statute of limitations rather than a saving provision. And, although I agree with the rationale offered by the majority, I write separately to expound upon my view that the answer to this question is anchored in the text of the statute.

Our Court has referred to MCL 600.5851(7) as both a "saving clause," *Vance v Henry Ford Hosp Sys*, 272 Mich App 426, 431; 726 NW2d 78 (2006), and a statute of limitations, *Bissell v Kommareddi*, 202 Mich App 578, 580-581; 509 NW2d 542 (1993). As the majority notes, however, no Michigan case has actually analyzed what type of statute is codified at MCL 600.5851(7). A saving statute is a statutory provision that allows a claimant to file suit even though the period of limitations for that claim has expired. See, e.g., *Lindsey v Harper Hosp*, 455 Mich 56, 66; 564 NW2d 861 (1997). In contrast, as the majority notes, a statute of limitations is a "statutory provision that requires a person who has a cause of action to bring suit within a specified time." *Miller v Mercy Mem Hosp*, 466 Mich 196, 202; 644 NW2d 730 (2002).

In *Waltz v Wyse*, 469 Mich 642, 650-651; 677 NW2d 813 (2004),[1] the Supreme Court addressed whether MCL 600.5852 was a saving provision. That statute provides:

> If a person dies before the *period of limitations* has run or within 30 days after the *period of limitations* has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued *although the period of limitations has run*. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the *period of limitations* has run. [Emphasis supplied.]

The *Waltz* Court held that "[b]y its own terms, § 5852 is operational only within the context of the *separate* 'period of limitations' that would otherwise bar an

---

[1] Neither party has suggested in its supplemental briefs that the Supreme Court order in *Mullins v St Joseph Mercy Hosp*, 480 Mich 948 (2007), applies to this case.

action. Section 5852 clearly provides that it is an *exception* to the limitation period, allowing the commencement of a wrongful death action as many as three years after the applicable statute of limitations has expired." *Waltz, supra* at 651 (emphasis in original).[2]

This Court has recognized that MCL 600.5851(1) is a saving provision. *Liptow v State Farm Mut Auto Ins Co,* 272 Mich App 544, 551; 726 NW2d 442 (2006), citing *Cameron v Auto Club Ins Ass'n,* 476 Mich 55, 61-62; 718 NW2d 784 (2006). MCL 600.5851(1), like MCL 600.5852, has language linking its application to situations where the period of limitations has expired. It provides, in relevant part:

> [I]f the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action *although the period of limitations has run.* [MCL 600.5851(1) (emphasis supplied).]

MCL 600.5851(7), however, contains no language indicating that it applies only when a statute of limitations has expired, or when some disability has been removed. Instead, it contains language indicating that if a medical malpractice claim accrues before the child's eighth birthday, then the claim has to be brought within a specific time, i.e., *either* before the child turns 10, or before the general two-year limitations period expires, *whichever is later*:

> Except as otherwise provided in subsection (8), if, at the time a claim alleging medical malpractice accrues to a person under section 5838a the person has not reached his

---

[2] Actually, the Supreme Court was merely reaffirming its decision in *Lindsey, supra* at 60-61, where the Court held that MCL 600.5852 was a saving provision, not a statute of limitations.

> or her eighth birthday, *a person shall not bring an action based on the claim unless the action is commenced on or before the person's tenth birthday or within the period of limitations set forth in section 5838a, whichever is later.* If, at the time a claim alleging medical malpractice accrues to a person under section 5838a, the person has reached his or her eighth birthday, he or she is subject to the period of limitations set forth in section 5838a. [Emphasis supplied.]

Compare *Vega v Lakeland Hospitals at Niles & St Joseph, Inc,* 479 Mich 243, 249; 736 NW2d 561 (2007), where the Court recognized that the first part of MCL 600.5851(7) establishes a specific time in which a person under the age of eight must file a claim, with *Miller, supra* at 202, which defines a statute of limitations as a statute requiring a person to bring a claim within a specified time. In other words, statutes like MCL 600.5851(1) and MCL 600.5852 contain language that "saves" a claim that may otherwise be barred, while the language within MCL 600.5851(7) "gives" two distinct periods in which this particular class of claimants may file suit.

Thus, the plain language of MCL 600.5851(7) provides an alternative limitations period (the tenth-birthday rule) that, depending on the facts of a particular case, may provide a plaintiff with more time than the "general" two-year period to sue. *Miller, supra* at 202 (holding that the discovery rule within MCL 600.5838a[2] is "an alternative to the other periods of limitation, [and] it is itself a period of limitation"). Key to this conclusion is both that the Legislature stated that the applicable period is that which gives the claimant more time to file ("whichever is later"), indicating that the tenth-birthday limitation coexists and works in harmony with the general two-year limitation, and the absence of "savings" language that is found in saving statutes like MCL 600.5851(1) and MCL

600.5852. And, although it is certainly true that MCL 600.5851(7) can provide a person under the age of eight with more than two years to file a medical malpractice claim, that fact does not by itself cause the statute to be a saving provision. *Miller, supra.*

Finally, I agree with Judge HOEKSTRA that the elimination of the word "remaining" within former MCL 600.5856(d) (now MCL 600.5856[c]) did not affect the meaning of the statute as construed by the Court in *Omelenchuk v City of Warren*, 461 Mich 567; 609 NW2d 177 (2000). See *Mazumder v Univ of Michigan Bd of Regents*, 270 Mich App 42, 64 n 1; 715 NW2d 96 (2006) (HOEKSTRA, J., concurring in part and dissenting in part), overruled in part on other grounds *Ward v Siano*, 272 Mich App 715 (2006). The *Omelenchuk* Court did not rely on the word "remaining" for its legal conclusion, so, in my view, its elimination from the statute—no matter the reason for it—does not affect the *Omelenchuk* holding.