# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 24, 2008

132554

DWUNNEKA VANCE, Personal Representative
of the Estate of TERRON VANCE,
              Plaintiff-Appellant,

v

HENRY FORD HEALTH SYSTEM, d/b/a
HENRY FORD HOSPITAL and MERLIN
HAMRE, M.D.,
              Defendants-Appellees.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 132554
COA: 262465
Wayne CC: 04-428502-NH

_____/

On order of the Court, the application for leave to appeal the October 17, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

The decedent was seven years old when he died. Plaintiff, the personal representative of the decedent's estate, filed this medical malpractice claim more than two years after the child's death and more than two years after she was appointed as personal representative, but two days before what would have been the decedent's tenth birthday. The trial court denied defendants' motion for summary disposition, but the Court of Appeals reversed on statute of limitations grounds.

MCL 600.5851(1) provides:

> Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run.

MCL 600.5851(7) provides, in pertinent part:

> [I]f, at the time a claim alleging medical malpractice accrues to a person under [MCL 600.5838a] the person has not reached his or her eighth birthday, a person shall not bring an action based on the claim unless the action is commenced on or before the person's tenth birthday or within the period of limitations set forth in section 5838a, whichever is later.

Finally, MCL 600.5852 provides:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

The dissent argues that because this is a medical malpractice claim that accrued before the decedent was eight years old, plaintiff had until the decedent's tenth birthday to file suit, pursuant to § 5851(7). I respectfully disagree. Section 5851(1) states that a minor generally "shall have 1 year after the disability is removed through death or otherwise" to file a cause of action. Section 5851(7) then states, however, that if the minor was under the age of eight when the action accrued, he would only have until his tenth birthday to file the action. That is, under § 5851(7), a minor under the age of eight would have to file suit before his tenth birthday; he could not wait until he was 19 to file suit. However, that does not mean that the minor has until his tenth birthday to file suit if the disability has been removed before then. That is, when these provisions are read together, it is clear that regardless of how old the minor was when the action accrued, death removes the age disability, and, thus, pursuant to § 5851(1), the personal representative of the minor's estate must file the action within one year of the minor's death, unless *another* saving provision preserves the action, such as the two-year grace period for personal representatives in MCL 600.5852.[1] However, § 5852 does not preserve this action because the decedent died *after* the period of limitations had run, and

---

[1] Such an interpretation is consistent with our decision in *Vega v Lakeland Hospitals,* 479 Mich 243, 250 (2007)*,* in which, we stated,

> MCL 600.5851(1) begins, "Except as otherwise provided in subsection[] (7) . . . ." Contrary to defendants' contention, this language does not mean that if § 5851(7) is applicable, § 5851(1) is not applicable. Instead, it simply means that if § 5851(1) is inconsistent with § 5851(7), § 5851(7) is controlling.

§ 5852 only applies where the decedent dies *before* the period of limitations has run. For these reasons, I concur in the denial order.[2]

KELLY, J. (*dissenting*.)

In this medical malpractice case, plaintiff's decedent, a seven-year-old child, died in one of Henry Ford Health System's hospitals from an alleged morphine overdose. Plaintiff brought suit after the expiration of the limitations period and more than two years after being appointed decedent's personal representative, but two days before decedent would have been 10 years old. Defendant moved for summary disposition, claiming that the statutory period of limitations had expired. The trial court denied the motion but the Court of Appeals reversed,[3] relying on its decision in *Vega v Lakeland Hospitals*.[4]

The following year, this Court reversed the Court of Appeals decision in *Vega*,[5] relying on MCL 600.5851.[6] We held that MCL 600.5851 applies to the medical malpractice claims of those under 18 years of age or insane, unless the claim falls under § 5851(7). The first sentence of § 5851(7) creates a different limitations period for children under eight years of age. That sentence did not apply in *Vega,* because the child in that case was 11 years old at the time of the alleged malpractice. Conversely, the first sentence of § 5851(7) does apply in this case because the decedent was under eight years of age. Plaintiff argues that the claim was timely because she filed it on behalf

---

[2] The dissent suggests that this interpretation of the statute, and that of the Court of Appeals, illogically treats surviving children differently than non-surviving children. First, it is, of course, not our place to second-guess the Legislature's logic, or lack thereof, as long as this does not rise to the level of an "absurd result." Second, I am not certain that it is, in fact, illogical to treat surviving children differently than non-surviving children. Perhaps the Legislature wanted to provide a surviving child the possibility of a longer period in which to bring an action simply because the surviving child may be able to reap tangible benefits from a successful action that the non-surviving child cannot.

[3] *Vance v Henry Ford Health System,* 272 Mich App 426 (2006).

[4] *Vega v Lakeland Hospitals*, 267 Mich App 565 (2005).

[5] *Vega v Lakeland Hospitals*, 479 Mich 243 (2007).

[6] MCL 600.5851 provides in pertinent part:

> (1) Except as otherwise provided in subsections (7) and (8), if the person first entitled to . . . bring an action is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have one year after the disability is removed through death or otherwise, to . . . bring the action although the limitations period has run.

of a child who was injured before the age of eight years and before the child would have reached the age of ten years.

The Court of Appeals interpretation of the statute creates two distinct classes of plaintiffs with differing rights in medical malpractice claims. Under its logic, children under eight years of age injured by medical malpractice are allowed to claim the benefit of § 5851(7), but children of the same age killed by medical malpractice are not. This dichotomy raises a serious question regarding whether the Legislature intended such a curious result.

If the decedent in this case had survived, he would have had until his tenth birthday to bring suit. One wonders why the personal representative of the decedent's estate should have less time to bring suit than the child's parent or guardian, had the child survived. Furthermore, this Court's decision in *Vega* did not address what plaintiff argues is the Court of Appeals error in this case, that § 5851(7) does not apply to claimants who fail to survive medical malpractice.

The Court should grant leave to appeal to consider this jurisprudentially significant issue.

_____

\* \* \*

(7) . . . [I]f at the time a claim alleging malpractice accrues to a person under 5838a, a person has not reached his or her eighth birthday, a person shall not bring an action based on the claim unless the action is commenced on or before the person's tenth birthday . . . . If at the time a claim alleging medical malpractice accrues to a person under 5838a, the person has reached his or her eighth birthday, he or she is subject to the period of limitations set forth in section 5838a.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 24, 2008



Clerk