SCHERER v HELLSTROM

Docket No. 255781. Submitted February 7, 2006, at Lansing. Decided March 30, 2006, at 9:05 a.m.

Robert P. Scherer brought a breach of contract action in the 91st District Court against Linda Hellstrom. The plaintiff had loaned the defendant money to buy a house in Florida, but the defendant had failed to pay the loan when she sold the house following her move to Michigan. The district court, Michael W. MacDonald, J., granted summary disposition for the defendant, concluding that Michigan's borrowing statute required application of Florida's five-year statute of limitations for such an action, which barred the plaintiff's claim. The Chippewa Circuit Court, Nicholas J. Lambros, J., reversed and remanded the matter to the district court, holding that the action was timely under Michigan's six-year statute of limitations, MCL 600.5807(8). After a bench trial, the district court found in the plaintiff's favor. The circuit court affirmed, now concluding that, under the borrowing statute, the plaintiff's claim was subject to the Florida statute of limitations, but the plaintiff's claim was timely because the defendant never notified the plaintiff that she had sold the house. The defendant appealed by leave granted.

The Court of Appeals *held*:

The circuit court reached the right result, albeit for the wrong reason. The borrowing statute, MCL 600.5861, applies to a cause of action accruing "without this state." By its plain language, the borrowing statute applies only if an action accrued without any essential facts giving rise to the cause of action occurring in Michigan. Pursuant to the terms of the loan agreement drafted by the defendant, the plaintiff's breach of contract claim accrued when the first of three specified events occurred. In this case, the claim accrued on the date the defendant sold the Florida house, at which time the defendant was residing in Michigan. If performance of a contract is dependent on a condition precedent, the cause of action does not accrue until the condition is fulfilled and the promise is not performed. Because the defendant resided in Michigan when she failed to fulfill her promise, the plaintiff's action did not accrue "without this state" as contemplated by the

borrowing statute. MCL 600.5861 does not apply, and the plaintiff's claim was timely filed under Michigan's six-year statute of limitations.

Affirmed.

LIMITATION OF ACTIONS — BORROWING STATUTE — CAUSES OF ACTION — ACCRUAL.

The borrowing statute, which provides that an action based on a cause of action accruing "without this state" shall not be commenced after the expiration of the period of limitations of either Michigan or the place where the cause of action accrued, applies only if an action accrued without any essential facts giving rise to the cause of action occurring in Michigan (MCL 600.5861).

*Running Wise & Ford* (by *Katrina D. Martin*) for the plaintiff.

*Jeffrey T. Lyon* and *Ronald J. Varga* for the defendant.

Before: WILDER, P.J., and ZAHRA and DAVIS, JJ.

ZAHRA, J. Defendant appeals by leave granted an order of the circuit court affirming the judgment of the district court, which awarded plaintiff $25,000, plus interest and costs, on his breach of contract action following a bench trial. We are called on to determine whether Michigan's borrowing statute, MCL 600.5861, applies to this case. Specifically, we are asked to decide whether plaintiff's cause of action accrued "without this state" where defendant, while residing in Michigan, failed to satisfy a contractual obligation to pay plaintiff $25,000 that became due when defendant sold a house that was located in Florida. We hold that plaintiff's breach of contract claim did not accrue "without this state," and, therefore, Michigan's borrowing statute does not apply to this case. We affirm.

I. FACTS AND PROCEDURE

Plaintiff and defendant were married in 1976 and subsequently divorced in 1981. In 1993, while defendant was residing in Florida and plaintiff was residing in Georgia, defendant asked plaintiff to loan her $25,000 to cover the cost of attending an out-of-state college. Plaintiff agreed to loan defendant the money. Defendant mailed plaintiff a written agreement that she had drafted and signed. The agreement provided that plaintiff would loan defendant $25,000 without charging any interest. In exchange, defendant agreed to pay off the loan when the first of three events occurred: (1) the sale of defendant's house in Florida, (2) the refinancing of the Florida house, or (3) on December 1, 1995. Plaintiff sent defendant the funds from Georgia by a wire transfer to defendant's Florida bank account.

Subsequently, defendant left the state of Florida and on November 21, 1994, while residing in Michigan, defendant sold the Florida house. Defendant did not pay off the loan and did not contact plaintiff to inform him of the sale. Plaintiff eventually contacted defendant in 1995 to obtain satisfaction of the loan, to no avail.

Plaintiff commenced a breach of contract action against defendant on January 20, 2000, in a Michigan district court. Initially, the district court granted summary disposition in favor of defendant on statute of limitations grounds, holding that Michigan's borrowing statute, MCL 600.5861, required application of Florida's five-year statute of limitations, which barred plaintiff's claim. The circuit court reversed the grant of summary disposition and remanded for trial after holding that the claim was timely under Michigan's six-year statute of limitations. After a bench trial, the district

court found in favor of plaintiff and awarded him $25,000, plus interest and costs.

Defendant again appealed to the circuit court. The circuit court affirmed the district court's judgment, but for reasons different than those stated by the district court and for reasons inconsistent with the circuit court's prior opinion.[1] The circuit court held that the claim accrued in Florida and that, under Michigan's borrowing statute, plaintiff's claim was subject to Florida's five-year statute of limitations. However, the circuit court also held that the period of limitations did not commence until December 1, 1995, because defendant never notified plaintiff that the Florida house had been sold, and, therefore, plaintiff's claim was timely filed.

This Court granted defendant leave to appeal.

II. ANALYSIS

Whether a claim is barred by a statute of limitations is a question of law that this Court reviews de novo. *DiPonio Constr Co, Inc v Rosati Masonry Co, Inc,* 246 Mich App 43, 47; 631 NW2d 59 (2001).

In this case, there are three different states that have ties to the parties and their agreement: (1) Georgia, where plaintiff resides; (2) Florida, where defendant resided at the time defendant entered into the contract; and (3) Michigan, where defendant currently resides, where defendant resided when her obligation became due, and where plaintiff brought his suit. For breach of contract actions, both Georgia and Michigan apply a six-year period of limitations, while Florida applies a five-year period of limitations.

Michigan's borrowing statute provides, in pertinent part: "An action based upon a cause of action accruing

---

[1] See n 2 of this opinion.

without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued . . . ." MCL 600.5861. When interpreting a statute, we look first to the language of the statute and give the words used their plain and ordinary meaning. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000). "If the statutory language is unambiguous, appellate courts presume that the Legislature intended the meaning plainly expressed and further judicial construction is neither permitted nor required." *Atchison v Atchison*, 256 Mich App 531, 535; 664 NW2d 249 (2003), citing *DiBenedetto, supra* at 402.

The phrase "without this state" is not defined in the statute. We observe, however, that the word "without" is commonly defined as: "1. with the absence, omission, or avoidance of; not with; with no or none of; lacking . . . . 2. free from; excluding . . . . 3. not accompanied by . . . ." *Random House Webster's College Dictionary* (1997). Giving the words used in Michigan's borrowing statute their plain meaning, it is clear that the borrowing statute applies only if an action accrued without any essential facts giving rise to the cause of action occurring in Michigan.

Consistent with this interpretation, our Supreme Court observed in *Parish v B F Goodrich Co*, 395 Mich 271, 277-278; 235 NW2d 570 (1975):

> Most states have enacted "borrowing statutes" to resolve the possible conflicts of laws that may arise when a plaintiff's claim accrues outside of the forum. Borrowing statutes, including Michigan's, typically confine a plaintiff whose claim accrues outside the forum to the limitational period—of the forum or the state where the claim accrued —allowing the least time to commence the action.

We therefore must determine both when and where plaintiff's cause of action accrued. In Michigan, a breach of contract claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. To determine what constituted the "wrong upon which the claim is based," we look first to the parties' agreement. See *Hubbell, Roth & Clark, Inc v Jay Dee Contractors, Inc*, 249 Mich App 288, 291; 642 NW2d 700 (2002) (explaining that when determining the intent of the parties, this Court looks to the contract language alone). This agreement, which was drafted by defendant, states: "This debt is to be repaid to ROBERT P. SCHERER, JR by LINDA H. SCHERER immediately when the house owned by LINDA H. SCHERER . . . is sold or the existing mortgage is refinanced no later than 12/1/95." On the basis of the parties' agreement, defendant did not have to pay off the loan until the first of the three specified events occurred. Here, the first event occurred on November 21, 1994, when defendant sold the Florida house. Upon the sale of the house, defendant was immediately obligated to pay plaintiff the money he had loaned to her. Thus, plaintiff's breach of contract claim accrued on November 21, 1994.[2]

Defendant argues that the claim accrued in Florida because defendant's house was located in Florida. However, when the Florida house was sold, defendant was

_____

[2] Because defendant failed to notify plaintiff when she sold the Florida house, the circuit court apparently applied a discovery rule to the statute of limitations by holding that the cause of action did not accrue until December 1, 1995. However, a " 'plaintiff need not know of the invasion of a legal right in order for the claim to accrue.' " *Dewey v Tabor*, 226 Mich App 189, 193; 572 NW2d 715 (1997), quoting *Harris v City of Allen Park*, 193 Mich App 103, 106; 483 NW2d 434 (1992). For breach of contract actions, the statute of limitations begins to run from the date of the breach. *Dewey, supra* at 193.

residing in Michigan. The parties' agreement did not require defendant to satisfy her obligation to plaintiff with the proceeds from the sale of the Florida house. In fact, the latest payment date contemplated by the parties, December 1, 1995, required the loan to be paid regardless of whether the Florida house was sold or refinanced. Generally, if performance is dependent on a condition precedent, the cause of action does not accrue until the condition is fulfilled *and* the promise is not performed. 54 CJS, Limitations of Actions, § 168, pp 224-225. Here, the condition was fulfilled when the Florida house was sold, but defendant was residing in Michigan when her obligation to perform on the contract arose. Because defendant was residing in Michigan when she failed to fulfill her promise, the plaintiff's cause of action cannot be said to have accrued "without this state" as contemplated by the borrowing statute. MCL 600.5861. Therefore, the borrowing statute, MCL 600.5861, does not apply and plaintiff's claim was timely filed under Michigan's six-year statute of limitations for breach of contract. MCL 600.5807(8).

To the extent that the circuit court's decision was inconsistent with this opinion, we decline to reverse because the right result was reached, albeit for the wrong reason. *Tipton v William Beaumont Hosp*, 266 Mich App 27, 37-38; 697 NW2d 552 (2005).

Affirmed.