# STATE OF MICHIGAN

# COURT OF APPEALS

---

OLGA M. BROCK,

       Plaintiff-Appellant,

v

WINDING CREEK HOMEOWNERS
ASSOCIATION,

       Defendant-Appellee,

and

MAKOWER, ABBATE &ASSOCIATES LAW
FIRM, LAZZARA & COMPANY, P.C., HEIDI
GEOTTES, CHRIS WEBER, and CARLITAS
ASBILL,

       Defendants.

UNPUBLISHED
April 25, 2017

No.  328848
Macomb Circuit Court
LC No.  2014-001883-CH

---

Before:  SERVITTO, P.J., and STEPHENS and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court opinion and order denying plaintiff's motion for leave to amend the complaint and granting defendant summary disposition under MCR 2.116(C)(8) (failure to state a claim).  We affirm.

## I.  BACKGROUND

Plaintiff Olga Brock is a member of defendant Winding Creek Homeowners Association defendant as an owner of a residential home within the subdivision.[1]  Plaintiff commenced this

---

[1] Stipulated orders to dismiss were entered for all defendants except Winding Creek Homeowners Association.  Defendant Lazzara & Company, PC was dismissed May 1, 2015. Defendants Heidi Geottes, Chris Weber and Carlitas Asbill were dismissed May 7, 2015. Therefore, our reference to defendant is to the only remaining defendant Winding Creek Homeowners Association.

action in propia persona on May 9, 2014. Her complaint alleged that defendant violated the association's bylaws covenants and restrictions by not adhering to general accounting principles, allowing homeowners to install fences without in-ground pools, and allowing homeowners to install sheds. Defendant moved for dismissal of plaintiff's complaint under MCR 2.116(C)(5), (8), and (10). Defendant argued that the complaint failed to cite to any specific court rule, statute or case law, and failed to state a claim. Instead of granting defendant summary disposition, the trial court ordered plaintiff to amend her complaint to state a legal claim. Plaintiff's first amended complaint sought a statutory injunction and statutory damages under the Michigan Condominium Act (MCA), MCL 559.101 *et seq.*

Defendant again moved for summary disposition under MCR 2.116(C)(8) and (C)(10). The basis of the motion was that plaintiff's complaint consisted of two counts, both of which relied on the MCA, and that plaintiff lived in a single-family subdivision and not a condominium project. Defendant argued that summary disposition was proper because the "applicable statute upon which Plaintiff seeks relief does not govern the actions of the Defendant; therefore, this complaint fails to state a claim upon which relief may be granted." Plaintiff filed a brief in opposition with the assistance of counsel. Attached to the brief was a proposed second amended complaint containing exhibits and citation to the bylaws, but still based on the MCA.

After a hearing on the motion, the court held:

The Court is satisfied that summary disposition is appropriate. Plaintiff's claim is premised upon the Michigan Condominium Act, and defendant is not subject to its terms since it is not a condominium complex within the meaning of the Act. The Court previously provided plaintiff with the opportunity to file an amended complaint to state a claim upon which relief can be granted in accordance with MCR 2.116(C)(5) in the February 6, 2015 *Opinion and Order* denying defendants' first motion for summary disposition. The Court has therefore complied with the requirements of MCR 2.116(C)(5), and plaintiff has failed to state a claim upon which relief can be granted. Accordingly, defendant's motion for summary disposition should be granted.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo the denial of summary disposition to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint by the pleadings alone. *Id.* at 119; MCR 2.116(G)(5). All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. *Id.* "Review is limited to the evidence presented to the trial court at the time the motion was denied." *Peña v Ingham Co Rd Comm*, 255 Mich App 299, 313 n 4; 660 NW2d 351 (2003). A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Maiden*, 461 Mich at 119.

-2-

"Decisions concerning the meaning and scope of pleading, and decisions granting or denying motions to amend pleadings, are within the sound discretion of the trial court and reversal is only appropriate when the trial court abuses that discretion." *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997). "An abuse of discretion exists when an unprejudiced person, considering the facts on which the trial court acted, would say that there was no justification or excuse for the ruling." *Jager v Nationwide Truck Brokers, Inc*, 252 Mich App 464, 486; 652 NW2d 503 (2002).

## II. ANALYSIS

Plaintiff presents two arguments on appeal. Plaintiff first argues that the trial court erred in granting defendant summary disposition, and second, that the trial court erred in refusing plaintiff leave to amend her complaint.

## A. SUMMARY DISPOSITION

A complaint must contain "[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend." MCR 2.111(B)(1). However, "[a]s the [United States Supreme] Court unanimously held in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Id*., at 520-521, 92 S.Ct. at 596, quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)." *Estelle v Gamble*, 429 US 97, 106; 97 S Ct 285; 50 L Ed 2d 251 (1976). Therefore, the pro se complaint is to be liberally construed. *Id*. The court should view the allegations as true for the purposes of a motion to dismiss. *Maiden*, 461 Mich at 119.

Plaintiff submitted three complaints to the trial court: 1) an original complaint, 2) a first amended complaint, and 3) a proposed second amended complaint. Plaintiff filed the original complaint pro per. Plaintiff's amended and proposed second amended complaints were submitted with the assistance of counsel.

The original complaint failed to state the correct cause of action. Instead of pleading an action in contract, plaintiff pled an action in condominium law. "Under Michigan law, a covenant constitutes a contract, created by the parties with the intent to enhance the value of property." *Hickory Pointe Homeowners Ass'n v Smyk*, 262 Mich App 512, 515; 686 NW2d 506 (2004) (citations omitted). Here, the bylaws were the terms of a contract by all the members of the homeowners association, with each other and with the association itself. *Conlin v Upton*, 313 Mich App 243, 255; 881 NW2d 511 (2015). Plaintiff also failed to plead the elements of the injunctive relief she requested, and to attach supporting documentation, including a copy of the bylaws she alleged were violated. Defendant filed a motion for summary disposition moving the court to find that plaintiff failed to state a claim or show that genuine issues of material fact existed. However, plaintiff's original complaint allegations were clear enough, when construed under our liberal pro se analysis, to state a claim of defendant having breached its restrictive covenants under the bylaws in two ways: 1) by failing to follow "accounting principles generally

accepted in the United States of America," and 2) by allowing fences and sheds to be built without a permit. The allegations were also sufficient to give plaintiff the opportunity to offer supporting evidence. Therefore, the court's decision to deny defendant summary disposition and order plaintiff to amend the complaint to address the stated cause of action and other deficiencies was proper.

Plaintiff's first amended complaint, although filed with the assistance of counsel, still requested an injunction and statutory damages under the MCA.[2] Plaintiff's counsel admitted at the June 22 summary disposition hearing that he was mistaken as to the MCA's application and agreed that there was no legal claim under the MCA. Counsel's explanation for the error was that he "was retained the day before" the amended complaint was due. Plaintiff's response to defendant's motion for summary disposition was a three-page motion, without accompanying brief, conceding that plaintiff's claim of accounting and fraud was not viable, and that the MCA did not apply. Plaintiff requested leave to file a second amended complaint. Without making a ruling on the motion to amend, the court granted defendant summary disposition because plaintiff's claims were premised upon the MCA and defendant was not subject to the terms of the statute.

Plaintiff's first amended complaint was drafted by an attorney and is therefore, held to more stringent standards than the pro se complaint. *Estelle*, 429 US at 106. Nevertheless, we find that the first amended complaint while inartfully drafted, pled allegations that if accepted as true, pled a breach of the bylaws. We further find that dismissal at the pleading stage based on form alone and without a review of the merits of plaintiff's first amended complaint was error. The court should have looked beyond form to determine whether there was any support for plaintiff's claims or whether a legally cognizable claim existed. The first amended complaint otherwise contained factual allegations for the court to review. However, even when the merits of plaintiff's cause of action are analyzed, plaintiff's first amended complaint still fails to establish a prima facie case. Although the trial court erred, "we decline to reverse because the right result was reached, albeit for the wrong reason." *Scherer v Hellstrom*, 270 Mich App 458, 464; 716 NW2d 307 (2006).

Plaintiff's first amended complaint stated that it was an action under the MCA to enjoin defendant from violating its bylaws in two ways: 1) by failing to follow "accounting principles generally accepted in the United States of America," and 2) by allowing fences and sheds to be built without a permit. Plaintiff additionally claimed that if successful with her claim, she should be awarded statutory damages under the MCA. The MCA aside, plaintiff first alleged that the list of itemized accounting expenditures provided by defendant as part of discovery did not

---

[2] Arguably, plaintiff was misled by defendant's response to the original complaint which began, "The plaintiff filed this action against the condominium association of which she is a member . . ."; as well as defendant's citation to the MCA in its affirmative defenses. However, plaintiff should have been aware of the correct legal basis for her complaint allegations before she filed the first amended complaint. Plaintiff's prior litigation with defendant resulted in this Court issuing an unpublished opinion in December 2014 that contained the applicable law for plaintiff to use to cure the deficiencies in her February 27, 2015 first amended complaint.

explain numerous expenses and debts, defendant's certified public accountant did not provide the services defendant told its members were being provided, there was no audit of defendant's finances, and defendant did not comply with general accounting principles. Plaintiff reasoned that the lack of accounting created an environment where fraud could take place. Plaintiff next alleged that defendant allowed members to install fences and sheds without approval of defendant's board. Plaintiff sought an injunction for both violations.

Summary dismissal of plaintiff's first allegation on the merits would not have been in error. Plaintiff's claim that defendant's members needed to be protected from defendant's fraud was speculation. There was no evidence presented of fraud. Secondly, the first amended complaint and motion in opposition of summary disposition excluded any reference to the factors for injunctive relief.[3] More importantly, plaintiff's counsel waived the accounting claim at the June 22 summary disposition motion hearing. At that hearing, plaintiff's counsel told the court that he reviewed the financial documents provided by defendant and "found nothing wrong" in regards to the issue of fraud. A party is bound by her attorney's waiver. *Sampeer v Boschma*, 369 Mich 261, 266; 119 NW2d 607 (1963). Plaintiff was given the opportunity to speak at the same hearing and did not contradict her counsel. Therefore, any argument related to defendant's accounting principles is waived on appeal. *The Cadle Co v City of Kentwood*, 285 Mich App 240, 255; 776 NW2d 145 (2009).

The trial court could have also disposed of plaintiff's second allegation regarding defendant's approval of sheds and fences on the merits based on failure to state a claim. The first amended complaint simply alleged that defendant "allowed co owners [sic] to install sheds and fences without approval from the HOA Board as mandated in the bylaws." The first amended complaint did not cite which bylaws were allegedly violated nor did it allege specific instances of violation. Plaintiff also failed to attach a copy of the bylaws[4], which the court would have been able to consider, on a (C)(8) motion.[5] "[M]ere conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *Eason v Coggins Mem Christian Methodist Episcopal Church*, 210 Mich App 261, 263; 532 NW2d 882 (1995). Plaintiff's single conclusory statement alleging a violation, failed to establish a claim that a covenant was violated

---

[3] See *Fancy v Egrin*, 177 Mich App 714, 719; 442 NW2d 765 (1989) ("In *Michigan State Employees Ass'n v. Dep't of Mental Health*, 421 Mich. 152, 157–158, 365 N.W.2d 93 (1984), our Supreme Court listed a four-factor analysis by which to determine if a preliminary injunction should issue: 1) the likelihood that the party seeking the injunction will prevail on the merits; 2) the danger that the party seeking the injunction will suffer irreparable injury if the injunction is not issued; 3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief; and 4) the harm to the public interest if the injunction is issued.").

[4] "If a claim or defense is based on a written instrument, a copy of the instrument or its pertinent parts must be attached to the pleading as an exhibit[.]" MCR 2.113(F)(1).

[5] "In a contract-based action, . . . the contract attached to the pleading is considered part of the pleading." *Liggett Rest Group, Inc v City of Pontiac*, 260 Mich App 127, 133; 676 NW2d 633 (2003).

and a trial court is not required to search for authority to support a party's position. *Schadewald v Brule*, 225 Mich App 26, 34; 570 NW2d 788 (1997).

Plaintiff did cite legal authority for her claim to this Court in her brief on appeal, but this Court's review is limited to the record before the court at the time of the motion. *Peña*, 255 Mich App at 313, n 4. Plaintiff cannot expand the record on appeal. *Reeves v Kmart Corp*, 229 Mich App 466, 481, n. 7; 582 NW2d 841 (1998). Even when construed in a light most favorable to plaintiff, the pleadings in the trial court failed to state a claim upon which relief could be granted. Therefore, it was not error for the trial court to grant defendant summary disposition as to both claims.

## B. PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

MCR 2.118(A)(1) permits a party to "amend a pleading once as a matter of course." Thereafter, "a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." MCR 2.118(A)(2).

> A motion to amend a pleading should ordinarily be granted and should be denied only for the following particularized reasons: '[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [and 5] futility....' *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997), quoting *Ben P Fyke & Sons, Inc v Gunter Co*, 390 Mich 649, 656; 213 NW2d 134 (1973).

"If a trial court denies a motion to amend, it should specifically state on the record the reasons for its decision." *Weymers*, 454 Mich at 659.

The court did not rule on plaintiff's motion for leave to file a second amended complaint. "A trial court 'must specify its reasons for denying [a] motion' to amend a complaint, and 'failure to do so requires reversal, unless amendment would be futile.' " *Kincaid v Flint*, 311 Mich App 76, 95; 874 NW2d 193 (2015) (citation and quotation marks omitted).

We conclude that the trial court's consideration of plaintiff's proposed second amended complaint would have been futile. The motion to amend was not accompanied by a brief explaining the authority on which it was based. MCR 2.119(A)(2). There was, therefore, no explanation of plaintiff's numerous attachments of permits and e-mails. Plaintiff's contention on appeal that documents attached to the second amended complaint alone provided evidence that defendant allowed fences and sheds to be installed in contravention to its bylaws is unavailing. The attachments included permits issued by Macomb County to addresses in the Winding Creek subdivision and to other addresses that were not shown to have been in the subdivision. Two permits for locations within the subdivision were for sheds and 42 permits were for fences. Also attached were e-mails allegedly between defendant's board members and from board members to homeowners inquiring about installing a fence or shed on property within the subdivision. There is one one-sentence e-mail stating, "I do not see anything where the board approved a shed." That e-mail does not provide any context as to the inquiry the writer was responding to, the address of the property, or what action if any was taken thereafter. The lone e-mail is

-6-

insufficient to establish a prima facie case that defendant allowed fences and sheds to be installed in violation of the bylaws. In fact, there are numerous other e-mails attached to the proposed second amended complaint where defendant told homeowners their site plans would have to be submitted and approved by defendant's board.

Further, while the motion for leave to amend stated the MCA was not relevant, the proposed second amended complaint relied on the MCA in its statement for subject matter jurisdiction. The request for injunctive relief again failed to address the factors for issuing an injunction.

Affirmed.


/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Amy Ronayne Krause