*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GREAT CHICAGO FIRE, INC.,

      Plaintiff-Appellant,

v

JOHN D. MACKEWICH,

      Defendant,

and

PATRICIA DANIELLE CORTEZ and DINSMORE
& SHOHL,

      Defendants-Appellees.

UNPUBLISHED
January 25, 2024

No. 365666
Oakland Circuit Court
LC No. 2022-193577-CB

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

Plaintiff, Great Chicago Fire, Inc., appeals as of right the trial court's opinion and order granting summary disposition to defendant, Dinsmore & Shohl.[1] Plaintiff argues the trial court improperly applied Michigan's borrowing statute, MCL 600.5861, to conclude that its claims were barred under the Illinois statute of limitations. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Most of the facts included here have been taken from plaintiff's amended complaint, and were accepted as true for purposes of summary disposition. In June 2019, the Illinois Legislature authorized the Illinois Department of Financial and Professional Regulations (IDFPR) to issue cannabis dispensing licenses. At a conference following the authorization, R. Cantrell Jones,

---

[1] As will be discussed in further detail, before the trial court decided defendants' summary-disposition motions, plaintiff voluntarily dismissed its claims against defendants John D. Mackewich and Patricia Danielle Cortez without prejudice.

-1-

plaintiff's owner, met defendant John D. Mackewich, who mentioned he was an attorney at Dinsmore with significant cannabis law experience. In October 2019, the parties arranged a phone call to discuss plaintiff hiring defendants to assist in procuring its cannabis dispensary license.

Defendants subsequently sent plaintiff an Engagement Letter, listing Troy, Michigan as Dinsmore's address and signed by defendant Mackewich. The Letter stated, in part:

> You have engaged the Firm to provide legal advice and counsel with respect to the following: (1) application for an Illinois Conditional Adult Use Cannabis Dispensing Organization License (the "Dispensing License"); (2) general corporate work related to the legal entity that will utilize the Dispensing License; (3) general real estate work related to the dispensary and (4) other necessary legal work related to the Dispensing License . . . .

According to plaintiff, "[o]n or about October 14, 2019, Defendant [Patricia Danielle] Cortez introduced herself to Plaintiff and informed Plaintiff that she would be the 'point person' for the engagement between Defendant Dinsmore and Plaintiff," and "[d]uring the next several months, [she] provided services under the Engagement Agreement." Plaintiff sought ten licenses.

Plaintiff alleges defendants agreed to file its ten applications, and understood that their representation included this service.[2] Nevertheless, less than two hours before the filing deadline on January 2, 2020, "Defendants Dinsmore and Mackewich directed Defendant Cortez to inform Plaintiff that Defendants were too busy with other clients to file Plaintiff's applications and that Plaintiff would have to file the applications without the assistance of Defendants." Ultimately, plaintiff's applications were not filed.

On April 12, 2022, over two years after the stated deadline for filing the applications, plaintiff initiated this action against defendants, asserting breach of contract and legal malpractice claims. Plaintiff amended its complaint on August 23, 2022, to add a claim for tortious interference with a business expectancy. Each claim is based on defendants' alleged failure to fulfill the Engagement Agreement by filing plaintiff's license applications.

In lieu of answering plaintiff's amended complaint, Dinsmore and Cortez moved for summary disposition of plaintiff's claims under MCR 2.116(C)(1), (6), (7), and (8), asserting: (1) plaintiff's claims are barred by the Illinois statute of limitations, properly applied under Michigan's borrowing statute; (2) summary disposition under MCR 2.116(C)(6) is warranted because plaintiff already initiated a federal action in Illinois against the same parties and involving the same claims; (3) the court should decline to exercise jurisdiction under the doctrine of forum non conveniens; and (4) the trial court lacked personal jurisdiction over Cortez. Separately, Mackewich moved for summary disposition, relying on the brief submitted by Dinsmore and Cortez.[3]

---

[2] We note that the Engagement Letter and Agreement do not appear to explicitly state defendants would file the applications.

[3] On September 7, 2022, the case was reassigned to business court.

In response, plaintiff initially acknowledged the stipulation and pending stipulation to voluntarily dismiss its claims against Mackewich and Cortez, stating, "Plaintiff considers its claims against Defendant Cortez to be dismissed for purposes of this response and addresses only the merits of Dinsmore's Motion." Plaintiff further addressed its pending action in Illinois federal court, asserting, "Because Disnmore could not be added in a diversity action in Illinois, [plaintiff] voluntarily dismissed all causes of action against Dinsmore." Substantively, plaintiff argued: (1) summary disposition would be inappropriate under MCR 2.116(C)(6), because Dinsmore is the only defendant in this action, and is not a party to the federal action; (2) Michigan's borrowing statute does not apply to bar its claims because Dinsmore had an office in Michigan, Mackewich, who signed the Engagement Agreement, worked out of that office and was licensed to practice law in Michigan, and "when the Engagement Agreement was breached, Defendant was still registered in Michigan and doing business in Michigan, while the attorney/agent who signed the Engagement Agreement was still licensed to practice law in Michigan and was not licensed to practice law in Illinois"; (3) relevant factors weigh against application of the forum non conveniens doctrine; and (4) summary disposition is not warranted under MCR 2.116(C)(1) because Cortez was voluntarily dismissed. The stipulated orders to dismiss Mackewich and Cortez were entered the next day.

In its reply, Dinsmore reiterated its arguments regarding the application of Michigan's borrowing statute, and added that plaintiff's dismissals of Mackewich and Cortez necessitate summary disposition because plaintiff's claims against Dinsmore are based on a theory of vicarious liability. Ultimately, and without oral argument, the trial court granted summary disposition of plaintiff's claims. In so doing, the court rejected Dinsmore's forum non conveniens and MCR 2.116(C)(6) arguments, reasoning that the federal action was no longer pending against Dinsmore, and declined to consider Dinsmore's vicarious liability argument, because Dinsmore raised it for the first time in its reply brief. And, the court rejected as moot the argument that it lacked personal jurisdiction over Cortez as a result of her dismissal. However, the court agreed with Dinsmore that Michigan's borrowing statute applied, and found plaintiff's claims to be time-barred under Illinois law.

II. ANALYSIS

For the reasons that follow, we agree with the court's application of Michigan's borrowing statute.

A. STANDARD OF REVIEW

Dinsmore moved for summary disposition under MCR 2.116(C)(1), (6), (7), and (8). The trial court granted summary disposition on the basis that the relevant Illinois statute of limitations, applied under Michigan's borrowing statute, bars plaintiff's claims.

"This Court reviews de novo a trial court's decision to grant summary disposition, including whether a cause of action is barred by a statute of limitations." *Sabbagh v Hamilton Psychological Servs, PLC*, 329 Mich App 324, 335; 941 NW2d 685 (2019) (citations omitted). "Summary disposition under MCR 2.116(C)(7) is appropriate if a claim is barred because of the statute of limitations." *Id*. "[A]ll well-pleaded allegations must be both accepted as true and

-3-

construed in the light most favorable to the nonmoving party." *Id*. at 335-336. Further, "the court must consider all of the documentary evidence submitted by the parties." *Id*. at 336.

> To the extent that resolution of this issue involves statutory interpretation, we review de novo whether the circuit court properly interpreted and applied the relevant statutes. The primary goal of judicial interpretation of statutes is to ascertain and give effect to the Legislature's intent. [*Wiesner v Washtenaw Co Community Mental Health*, 340 Mich App 572, 580; 986 NW2d 629 (2022) (citations omitted).]

## B. MICHIGAN'S BORROWING STATUTE

In applying Michigan's borrowing statute and granting summary disposition of plaintiff's claims, the trial court reasoned:

> Plaintiff argues that "the attorney who signed the Engagement Agreement on behalf of Defendant, and who was to provide the legal counsel and services, worked out of Defendant's Michigan Office (as provided on the face of the agreement) and was licensed to practice law in Michigan." However, the Plaintiff alleges in its First Amended Complaint that Cortez was the alleged "point person" for the engagement, and Cortez only performed work in Illinois and Ohio (and is not licensed to practice in Michigan), and the Plaintiff's application was to be filed in person with the IDFPR in Illinois. The Plaintiff's cause of action cannot be said to have accrued in Michigan.

Plaintiff argues the trial court erred by applying Michigan's borrowing statute to its claims because its cause of action did not accrue "without the state." Under MCL 600.5861:

> An action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of this state the statute of limitations of this state shall apply. This amendatory act shall be effective as to all actions hereinafter commenced and all actions heretofor commenced now pending in the trial or appellate courts.

In *Scherer v Hellstrom*, 270 Mich App 458; 716 NW2d 307 (2006), relied upon by plaintiff in support of its argument,[4] this Court analyzed the application of Michigan's borrowing statute in the context of a breach of contract claim.[5] There, the plaintiff and the defendant, a formerly married couple, entered into an agreement whereby the plaintiff would loan the defendant money,

---

[4] Plaintiff also cites and discusses several unpublished federal cases described as *Scherer*'s "progeny", which are not precedential, *Estate of Teutsch v Van De Ven*, 336 Mich App 604, 609; 971 NW2d 666 (2021), and do not alter our analysis.

[5] Plaintiff focuses only on its breach of contract claim, but the related allegations form the basis for its legal malpractice and tortious interference claims.

and the defendant would pay off the loan when the first of three events occurred, one being the sale of the defendant's house in Florida. *Id*. at 460. At the time of the agreement, the defendant resided in Florida and the plaintiff resided in Georgia. *Id*.

Subsequently, and while residing in Michigan, the defendant sold the Florida house, but did not pay off the loan. *Id*. The plaintiff then brought suit in Michigan claiming breach of contract, and this Court was tasked with deciding "whether [the] plaintiff's cause of action accrued 'without the state' where [the] defendant, while residing in Michigan, failed to satisfy a contractual obligation to pay [the] plaintiff $25,000 that became due when [the] defendant sold a house that was located in Florida." *Id*. at 459-460. The Court first examined dictionary definitions for the statutorily undefined word "without," and reasoned, "Giving the words used in Michigan's borrowing statute their plain meaning, it is clear that the borrowing statute applies only if an action accrued without any essential facts giving rise to the cause of action occurring in Michigan." *Id*. at 462. Further, the Court stated:

> In Michigan, a breach of contract claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. To determine what constituted the "wrong upon which the claim is based," we look first to the parties' agreement. [*Id*. at 463.]

Applying this reasoning, this Court found error in the trial court's application of Michigan's borrowing statute, holding that the breach of contract claim did not accrue without the state because:

> [T]he condition was fulfilled when the Florida house was sold, but [the] defendant was residing in Michigan when her obligation to perform on the contract arose. Because defendant was residing in Michigan when she failed to fulfill her promise, the plaintiff's cause of action cannot be said to have accrued "without the state" as contemplated by the borrowing statute. MCL 600.5861. [*Scherer*, 270 Mich App at 459, 464.]

Plaintiff asserts that, like the defendant in *Scherer*, at the time of Dinsmore's alleged breach of the Engagement Agreement for failure to file plaintiff's cannabis dispensary applications, Dinsmore maintained an office in Michigan. Thus, it argues, its cause of action did not accrue without the state of Michigan, and MCL 600.5861 does not apply to bar its claims.

Plaintiff's argument ignores the different factual circumstances at issue here. In *Scherer*, this Court appropriately relied on the defendant's residence in Michigan, because the act of not paying the plaintiff in accordance with their contract—the breach—occurred where the defendant resided in Michigan. *Scherer*, 270 Mich App at 463-464. Thus, the breach of contract claim accrued in Michigan. Here, in contrast, the breach, on which all three of plaintiff's claims is based, allegedly occurred when Dinsmore failed to file the applications. And from the stated allegations in plaintiff's amended complaint, that action would need to have been completed in Illinois. Plaintiff alleges, for example:

> With the 4:00 p.m. deadline approaching, and Defendants still having possession of Plaintiff's application forms and fee checks, there was no way for

Plaintiff to (1) properly format the application exhibits as required by the IDFPR, (2) drive approximately 40 miles (in the snow) to Defendants' Chicago office location to pick up the checks, and (3) deliver the revised applications and checks to the IDFPR office in person and on time.

In fact, if Defendants could not complete the filing – when Defendants' Chicago office was less than one mile from the filing location, they had all the material with them, and had all the resources of a law firm – it was impossible that Plaintiff could have completed the filing from a different city than the filing location.

Plaintiff's argument that its cause of action did not accrue without the state because essential facts giving rise to the cause of action occurred in Michigan, fails on the same basis. Specifically, plaintiff asserts that the Engagement Agreement was drafted in Michigan and signed by Mackewich, an attorney licensed to practice in Michigan, and that defendants performed services in Michigan during the entire course of the engagement. However, in light of the specific breach alleged—the failure to file the applications in accordance with the Engagement Agreement—the above facts are not essential to plaintiff's cause of action. *Scherer*, 270 Mich App at 462. Plaintiff does not assert that any of the services defendants provided leading up to their failure to file the applications led to or amounted to a breach of the Engagement Agreement. Moreover, as the trial court pointed out in its opinion and order, plaintiff alleges that Cortez introduced herself as the "point person" for the parties' engagement, and provided services under the Agreement for the next several months. And according to Cortez's affidavit, attached to the motion for summary disposition, she has never been licensed to practice law in Michigan, and any work she performed on behalf of plaintiff was done in Ohio or Illinois.[6]

## III.  CONCLUSION

Viewing the evidence in a light most favorable to plaintiff, the trial court did not err when it applied Michigan's borrowing statute to plaintiff's claims, and granted summary disposition on the basis that plaintiff's claims were barred by the applicable Illinois statute of limitations.[7] Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates

---

[6] Because we hold that the trial court did not err by applying Michigan's borrowing statute, we need not address Dinsmore's alternative grounds for affirmance.

[7] Plaintiff does not argue that its claims were timely under Illinois law.